**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-05754-RGK (JEMx) | | Date | January 20, 2012 |
|---|---|---|---|---|
| Title | UTOPIAN REALITIES, INC., et al. v. JSKcomputers LLC, et al. | | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**          **(IN CHAMBERS) Order Remanding Case to State Court**


On September 7, 2010, Utopian Realities, Inc. ("Plaintiff") sued JSKcomputers, LLC; Daylight Transport, LLC; and Freightquote.com, Inc. (collectively "Defendants") in Los Angeles County Superior Court. On July 13, 2011, Daylight removed the action to this court on the basis of 28 U.S.C. § 1337; at that time the other defendants had not yet been served. On August 3, 2011, Daylight filed a Notice of Freightquote.com's Consent to Removal. On November 11, 2011, Daylight filed a Motion to Transfer to the United States District Court for the District of Kansas.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Plaintiff's Complaint alleges eight state law claims for breach of contract, negligence, negligent misrepresentation, quantum meruit, and unjust enrichment, stemming from the delivery of damaged computer monitors. Plaintiff purchased the computer monitors from JSKcomputers and arranged for shipping by Daylight through Freightquote.com. Plaintiff alleges that the computers arrived damaged and that Defendants have failed to compensate Plaintiff for the losses, even though Plaintiff purchased insurance for damage as to the shipment of the monitors.

Daylight's Notice of Removal asserts that this Court has original jurisdiction pursuant to 28 U.S.C. § 1337, which provides that "district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." Daylight argues that this action is controlled by the Carmack Amendment to the Interstate Commerce Act, which makes a common carrier liable to a shipper for damages to property shipped interstate by the common carrier. *See* 48 U.S.C. § 14706. However, nowhere in its Complaint does Plaintiff bring a cause of action under this statute. Therefore, the Interstate Commerce Act does not apply in this case and there is no basis for jurisdiction pursuant to 28 U.S.C. § 1337. Defendant may not confer jurisdiction upon this Court by attempting to invoke a federal question in its Notice of Removal.

For the reasons stated above, the case is hereby **REMANDED** to Superior Court. Plaintiff's Motion to Transfer calendared for January 17, 2012 is hereby denied as moot.

**IT IS SO ORDERED.**

_____ : _____

Initials of          slw
Preparer

_____